IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  05-cv-728-WYD-BNB

CARLOS SANFORD, on behalf of himself and all others similarly situated,

    Plaintiff(s),

v.

ALLSTATE INDEMNITY COMPANY, an Illinois corporation,

    Defendant(s).

**ORDER**

THIS MATTER is before the Court on the parties' Responses to the Court's Order dated October 26, 2005.  On October 14, 2005, the parties filed a Joint Notice Regarding Larry Meurisse.  The parties informed the Court that Allstate agent Larry Meurisse is likely to be an important witness in this case.  This was brought to the Court's attention, because I am one of Mr. Meurisse's insurance clients.  In the October 26, 2005 Order, I asked that the parties notify the Court of any ethical considerations or implications that they believe this situation presents.  On November 7, 2005, both parties filed Responses to that Order.

Plaintiff stated that he did not believe recusal was necessary.  Defendant, however, suggested that 28 U.S.C. § 455(b)(1), which addresses disqualification, may be implicated, because I may have personal knowledge of disputed evidentiary facts. Specifically, Defendant stated that "Judge Daniel may have knowledge regarding

whether Allstate offered optional additional PIP coverage as required by law." Def.'s Resp. to Order Dated October 26, 2005 at 2.   Defendant further contends that my impartiality may be subject to question due to the fact that I am one of Mr. Meurisse's insurance clients.  Also, because this is a class action lawsuit, Defendant claims that I may be within the class definition and actually have a financial interest in the proceeding.

Based on the foregoing and in an abundance of caution to avoid the appearance of impropriety, I find that I should recuse myself from this matter.  "The goal of [28 U.S.C.] section 455(a) is to avoid even the appearance of partiality."  *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988).  In light of the concerns expressed by Defendant, I find that disqualification is appropriate.  Accordingly, it is

ORDERED that Defendant's request that I disqualify myself, as presented in its Response to Order Dated October 26, 2005, is **GRANTED**.  It is

FURTHER ORDERED that the judge's file be returned to the clerk and that the case be reassigned by random draw.

Dated:  November 14, 2005

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge