IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 05–cv–00728–EWN–BNB

CARLOS SANFORD, on behalf of himself
and all others similarly situated,

    Plaintiff,

v.

ALLSTATE INDEMNITY COMPANY, an
Illinois corporation,

    Defendant.

---

# ORDER AND MEMORANDUM OF DECISION

---

This is an insurance case. Plaintiff Carlos Sanford, allegedly on behalf of himself and all others similarly situated, asserts the following claims against Defendant Allstate Indemnity Company: (1) declaratory relief and reformation of the insurance contract, (2) breach of the insurance contract, and (3) willful and wanton statutory bad faith. This matter is before the court on (1) Defendant's "Motion to Dismiss Complaint or, Alternatively, to Dismiss or Strike Class Claims," filed June 8, 2005; (2) "Plaintiff Sanford's Motion For Class Certification Pursuant to Federal Rule of Civil Procedure 23," filed November 22, 2005; and (3) "Plaintiff's Unopposed Motion For Enlargement of Time to File Reply Re Motion For Class Certification," filed January 13, 2006.

**FACTS**

*1. Factual Background*

The following facts are taken from Plaintiff's complaint. On September 26, 1999, Plaintiff was involved in an automobile accident. (Class Action Compl. and Jury Demand ¶ 21 [filed Apr. 21, 2005] [hereinafter "Compl."].) At the time of the accident, Plaintiff was a passenger in a vehicle driven by Austin Drake. (*Id.*) Clarice Drake insured the vehicle with Defendant under policy number 617534132 ("Drake policy"). (*Id.*) As a result of the accident, Plaintiff suffered personal injuries and personal injury protection ("PIP") compensable losses, including medical expenses and lost wages. (*Id.* ¶ 22.)

Following the accident, Defendant advised Plaintiff that "under [Colo. Rev. Stat.] § 10–4–706(4)(b) . . . the only PIP benefits available to him under the Drake policy were the basic PIP benefits contained in [Colo. Rev. Stat.] § 10–4–706." (*Id.* ¶ 30.) Defendant paid Plaintiff PIP benefits, including medical and rehabilitative expenses, as provided for in the "minimum coverages" contained in the Drake policy. (*Id.* ¶ 32.) Plaintiff asserts that as a result of the accident, he has incurred expenses and losses exceeding the minimum amount of benefits available to him under Colo. Rev. Stat. § 10–4–706. (*Id.* ¶ 31.)

*2. Procedural History*

On April 21, 2005, Plaintiff filed a complaint in this court. (Compl.) Plaintiff alleges three claims: (1) declaratory relief and reformation of the insurance contract; (2) breach of the insurance contract; and (3) willful and wanton statutory bad faith. (*Id.* ¶¶ 54–71.) On June 8, 2005, Defendant filed a motion to dismiss the complaint or in the alternative to strike Plaintiff's class

claims. (Mot. to Dismiss Compl. or, Alternatively, to Dismiss or Strike Class Claims [filed June 8, 2005] [hereinafter "Def.'s Br."].) Defendant argues that this court does not have subject matter jurisdiction over Plaintiff's claims because "they do not exceed the sum or value of $75,000." (*Id.* at 6.) Additionally, Defendant urges the court not to exercise supplemental jurisdiction over the putative class members' claims. (*Id.* at 7–8.) Finally, Defendant contends that "[t]he [c]ourt should dismiss or strike Plaintiff's class claims because Colorado courts have established that Plaintiff's extended PIP claims are inappropriate for class treatment." (*Id.* at 9–14.) On July 12, 2005, Plaintiff filed a response to Defendant's motion to dismiss. (Pl. Sanford's Am. Resp. to Mot. to Dismiss Compl. or, Alternatively, to Dismiss or Strike Class Claims [filed July 12, 2005] [hereinafter "Pl.'s Resp."].) On July 27, 2005, Defendant filed a reply in support of its motion to dismiss. (Def.'s Reply in Supp. of Its Mot. to Dismiss Compl. or, Alternatively, to Dismiss or Strike Class Claims [filed July 27, 2005] [hereinafter Def.'s Reply"].) This matter is fully briefed.

On November 22, 2005, Plaintiff filed a motion for class certification. (Pl. Sanford's Mot. for Class Certification Pursuant to Fed. R. Civ. P. 23 [filed Nov. 22, 2005].) Plaintiff alleges that Defendant's acts and omissions with respect to its statutory duties are "are identical as to each insured because they arise from defects in the written materials," and therefore are appropriate for class treatment. (*Id.* at 2.) On January 9, 2006, Defendant filed a response to Plaintiff's motion for class certification. (Def. Allstate's Resp. in Opp'n to Pl.'s Mot. for Class Certification [filed Jan. 9, 2006].) On January 13, 2006, Plaintiff filed an unopposed motion for extension of time to

file a reply in support of his motion for class certification. (Pl.'s Unopposed Mot. for Enlargement of Time to File Reply Re Mot. for Class Certification [filed Jan. 13, 2006].)

**ANALYSIS**

*1.    Standard of Review*

Federal Rule of Civil Procedure 12(b)(1) provides that a defendant may move the court to dismiss a claim for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1) (2005). When a defendant challenges subject matter jurisdiction, the plaintiff must establish such jurisdiction by a preponderance of the evidence. *Southway v. Central Bank of Nigeria*, 328 F.3d 1267, 1272 (10th Cir. 2003). "In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true." *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). "A motion to dismiss under Rule 12(b) 'admits all well-pleaded facts in the complaint as distinguished from conclusory allegations.'" *Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001) (quoting *Mitchell v. King*, 537 F.2d 385, 386 [10th Cir. 1976]).

Unlike a 12(b)(6) motion, a motion under 12(b)(1), "can include references to evidence extraneous to the complaint without converting it to a Rule 56 motion." *Wheeler v. Hurdman*, 825 F.2d 257, 259 n.5 (10th Cir. 1987). Indeed, the court has "wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts under 12(b)(1)." *Id.*

*2.    Subject Matter Jurisdiction Over Plaintiff's Claims*

Defendant asserts a facial attack on Plaintiff's complaint. (Def.'s Br. at 6.) Defendant alleges that this court "lacks subject matter jurisdiction over Plaintiff's claims because they do not

exceed the sum or value of $75,000." (*Id.*)  Plaintiff asserts that he has established the requisite amount in controversy through his complaint and Rule 26 disclosures.  (Pl.'s Resp. at 6–7.)

Federal Courts are courts of limited jurisdiction as defined by the Constitution and federal statutes.  *Exxon Mobil Corp. v. Allapattah Serv., Inc.*, 125 S. Ct. 2611, 2616 (2005).  When, as here, diversity is the claimed basis of federal jurisdiction, the amount in controversy must exceed $75,000.  28 U.S.C. § 1332(a)(1) (2005).  For the purposes of diversity jurisdiction, the amount in controversy is ordinarily determined by the allegations in the complaint.  *Martin v. Franklin Capital Corp.* ("*Martin I*"), 251 F.3d 1284, 1290 (10th Cir. 2001) (citing *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 [10th Cir. 1995]).  The sum claimed by plaintiff in the complaint controls if the claim is apparently made in good faith.  *St. Paul Mercury Indem. Co. v. Red Cab. Co.*, 303 U.S. 283, 288 (1938); *Adams v. Reliance Standard Life Ins.,* 225 F.3d 1179, 1183 (10th Cir. 2000); *see also Martin I*, 251 F.3d at 1289 (the plaintiff's claimed amount is presumed to support diversity jurisdiction).  Where Plaintiff originally files the complaint in federal court, a general conclusory allegation that the damages exceed the minimum jurisdictional limit, exclusive of interest and costs, is usually sufficient to state a claim.  *Adams*, 225 F.3d at 1183.      Here, Plaintiff asserts that "the amount in controversy for Plaintiff and each member of Subclass A exceeds $75,000."  (Compl. ¶ 5.)  Additionally, Plaintiff's Rule 26 disclosures adequately establish that Plaintiff, individually, has a claim that exceeds $75,000.  (Pl.'s Resp., Ex. 14 at 5 [Pl.'s F.R.C.P. 26 Disclosures].)  This is sufficient to establish subject matter jurisdiction.

Defendant contends that "Plaintiff's Rule 26 disclosures . . . are irrelevant" because the court must only look to Plaintiff's complaint.  (Def.'s Reply at 2.)  Defendant's argument is

unavailing. As noted above, a motion under 12(b)(1), "can include references to evidence extraneous to the complaint without converting it to a Rule 56 motion." *Wheeler*, 825 F.2d at 259 n.5. Indeed, the court has discretion to consider documents outside the pleadings in an effort to resolve a jurisdictional dispute. *Id.* Accordingly, this court has subject matter jurisdiction over Plaintiff's claims.

### 3. *Supplemental Jurisdiction Over Putative Class Members' Claims*

Plaintiff contends that "he individually meets the jurisdictional requirements of this Court, and under *Exxon*, this trial court can exercise jurisdiction over the remainder of the putative class." (Pl.'s Resp. at 7.) The district court has the option to exercise supplemental jurisdiction over claims of putative class members when those members do not individually meet the amount in controversy requirement. *Exxon*, 125 S. Ct. at 2615. In class actions:

> [w]here the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies the amount-in-controversy requirement, [section] 1367 does authorize supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount specified in the statute setting forth the requirements for diversity jurisdiction.

*Id.* Title 28 U.S.C. § 1367 governs supplemental jurisdiction of federal courts. 28 U.S.C. § 1367 (2005). Specifically, section 1367(c) states that:

> [t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if —
>     (1) the claim raises a novel or complex issue of State law,
>     (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>     (3) the district court has dismissed all claims over which it has original jurisdiction, or

        (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

*Id.* I address the first two factors, in reverse order, below.

First, Plaintiff's complaint highlights the fact that the putative class members' claims would predominate over any original jurisdiction claims. Plaintiff identified two Subclasses of putative plaintiffs. Subclass A includes persons who "incurred resulting medical expenses and/or wage loss of $4,000 or more." (Compl. ¶ 9.) Plaintiff contends that these putative plaintiffs will exceed the $75,000 jurisdictional limit. (*Id.* ¶ 9 n. 1.) Subclass B includes persons who "incurred resulting medical expenses and/or wage loss of less than $4,000." (*Id.* ¶ 10.) Plaintiff does not contend that the putative plaintiffs in Subclass B will exceed the jurisdictional limit. (*Id.*) Rather, Plaintiff asserts that "approximately [ninety percent] of PIP claims are less than $1,500." (*Id.* ¶ 9 n. 1.) It follows that the putative class members' claims would substantially predominate over the claims in which this court has original jurisdiction — i.e, those exceeding the $75,000 jurisdictional limit.

Second, the putative class members' claims arise entirely under Colorado law and involve unique issues regarding Colorado's No-Fault Act.[1] Specifically, the first claim for relief, and the crux of the complaint,[2] requests declaratory relief and reformation of the insurance contracts

---

[1] Colorado's No-Fault Act comprised Colorado Revised Statutes sections 10–4–701 to 10–4–726, *repealed by* Laws 1997, H.B. 97–1209, § 8, effective July 1, 2003. *See* Colo. Rev. Stat. § 10–4–726 (effective July 1, 2003). Thus, I cite to the 2002 version of Colorado Revised Statutes.

[2] If the putative plaintiffs fail on their first claim, the remaining claims would fail as a matter of law.

-7-

because Defendant allegedly "violated [Colo. Rev. Stat.] § 10–4–706(4)(a) by failing to provide the named insureds with a written explanation of all available coverages before issuing their policies." (Compl. ¶ 57.) Colorado law is not settled regarding this issue. In fact, some courts have determined that the written explanation requirement in Colo. Rev. Stat. § 10–4–706(4)(a) does not apply to the offer of enhanced PIP benefits provided for in Colo. Rev. Stat. § 10–4–710. *See Stickley v. State Farm Mut. Auto. Ins. Co.*, 402 F. Supp. 2d 1226, 1231–32 (D. Colo. 2005) (written requirement in section 10–4–706 is inapplicable to offer of extended coverage in 10–4–710); *Breaux v. Am. Family Mut. Ins. Co.*, 387 F. Supp. 2d 1154, 1162–63 (D. Colo. 2005) (same). Neither the Colorado Supreme Court nor the intermediate appellate courts have addressed this issue.

As demonstrated above, an evaluation of the factors in 28 U.S.C. § 1367(c) weighs against exercising supplemental jurisdiction over the putative class members' claims. Accordingly, the putative class members' claims are dismissed without prejudice.

### *4.    Conclusions*

Based on the foregoing it is therefore

ORDERED as follows:

1. Defendant's motion to dismiss or alternatively strike class allegations (# 7) is GRANTED in part and DENIED in part. Defendant's motion to dismiss Plaintiff's claims for lack of subject matter jurisdiction is DENIED. Defendant's motion to dismiss the putative class members' claims for lack of jurisdiction is GRANTED. The putative class members' claims are dismissed without prejudice for lack of subject matter jurisdiction.

2.  Plaintiff's motion for class certification (# 42) is DENIED.

3.  Plaintiff's motion for an enlargement of time to file a reply in support of the motion for class certification is DENIED as moot.

Dated this 27th day of January, 2006.

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge